IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Otis Byers, Jr., | ) C/A No.: 2:14-CV-02785-DCN-MGB |
| Plaintiff, | ) |
| vs. | ) REPORT & RECOMMENDATION |
| | ) OF MAGISTRATE JUDGE |
| Maria Leggins, Brian Stirling, Larry Cartledge, Jessica Edmond, | ) |
| Defendants. | ) |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings have been referred to the assigned United States Magistrate Judge.

The Plaintiff filed an "Order to Show Cause For An [sic] Preliminary Injunction and a Temporary Restraing [sic] Order." (Dkt. No. 35.) Attached to his filing is a Memorandum of Law and several exhibits. The court reviews the Plaintiff's filing as a motion for a preliminary injunction and temporary restraining order ("TRO").[1]

The Plaintiff seeks a preliminary injunction against Defendant Cartledge as well as Nancy Merchant and Tamra Conwell, who are not parties to this action. The Plaintiff asserts Merchant and Conwell are "mailroom officer[s]." (Dkt. No. 35 at 1 of 3.) The Plaintiff seeks the injunction because "Warden Larry Cartledge and Nancy Merchant and Tamra Conwell all are hinder [sic] me from seeking information and moving on with my

---

[1] "*Pro se* complaints, however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977)).

lawsuit." (Id.)  The Plaintiff alleges these individuals are hindering him through their supervisory capacities over the mail room and by tampering with his mail.  The relief sought in Plaintiff's motion is that Defendant Cartledge, unnamed parties Merchant and Conwell, as well as "each of their officers agents employers and all persons acting in concert or participation with them," be "restrained."  (Id.)  Additionally the Plaintiff seeks a "seperation [sic]" from Defendant Cartledge, Merchant and Conwell.  (Id.)

A preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)).  A preliminary injunction is "an extraordinary remedy never awarded as of right."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). To obtain a TRO or preliminary injunction, a plaintiff must show the following:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying the Plaintiff's motion. (Dkt. No. 35.)  In Taylor v. Freeman, 34 F.3d 266 (4th Cir. 1994), the Fourth Circuit considered a district court's issuance of a mandatory injunction ordering prison officials to take specific

actions–related to decreasing the inmate population at North Carolina's Morrison Youth Institution–by certain dates. See Taylor, 34 F.3d 266.  Vacating the district court's order, the Fourth Circuit stated,

> It is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities. As the District of Columbia Circuit observed in Inmates of Occoquan v. Barry, 844 F.2d 828 (D.C.Cir.1988), "in carrying out their remedial task, courts are not to be in the business of running prisons. The cases make it plain that questions of prison administration are to be left to the discretion of prison administrators." Id. at 841 . . . .

Taylor, 34 F.3d at 268. The Fourth Circuit further cautioned that "[e]ven when there has been a finding on the merits that unconstitutional conditions exist, federal courts should proceed cautiously and incrementally in ordering remediation so as not to assume the role of prison administrators." Id. at 269.

Although Taylor involved the overcrowding of prisons, the teachings are applicable, as there is a clear comity concern in the instant case. See Taylor, 34 F.3d at 268-69; see also Preiser v. Rodriguez, 411 U.S. 475, 491-92 (1973). A plaintiff seeking injunctive relief must show that all four of the Winter factors support granting relief. See Winter, 555 U.S. at 20; see also Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) (noting that the plaintiff "bears the burden of establishing that each of these factors supports granting the injunction" (quoting Technical Publishing Co. v. Lebhar-Friedman, Inc., 729 F.2d 1136, 1139 (7th Cir. 1984))).

In the case at bar, the Plaintiff has not met any of the Winter factors.  His filing does not address the merits of his case or the likelihood of his success at all.  (Dkt. No. 35.)  He has failed to state what irreparable harm will occur without an injunction apart from his

vague claim that Defendant Cartledge and the other two individuals are hindering his lawsuit. (Id.) No specific harm that invokes any constitutional or statutory right is alleged. The balance of equities in this case favors the prison officials as the Plaintiff has not alleged infringement of any constitutional or statutory right. The rules regarding the amount of mail the Plaintiff sends and how he may send it are better written by prison officials than by an injunction from this court. Finally, the Plaintiff does not address any public interest that would demand an injunction.

Wherefore, it is RECOMMENDED that Plaintiff's motion for a preliminary injunction and TRO (Dkt. No. 35) be DENIED.

IT IS SO RECOMMENDED.

March 18, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).